Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Martha Judd*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Judd, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Unum Life Insurance Company of America, Summit Healthcare Association, Summit Healthcare Association Disability Plan, Summit Healthcare Association  Life Insurance Plan, | |
| Defendants. | |

Now comes the Plaintiff Martha Judd (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

### *Jurisdiction*

1.      Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

-1-

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

### Parties

2.      Plaintiff is a resident of Navajo County, Arizona.

3.      Upon information and belief, related to her employment, Plaintiff was covered by several insurance policies issued by Unum Life Insurance Company (hereinafter referred to as "Unum").   Upon information and belief, Plaintiff's employer, Defendant Summit Healthcare Association (hereinafter referred to as the "Company") sponsored, administered and purchased a group long term disability insurance policy which was fully insured by Unum.   The group disability insurance policy provided long term disability benefits to Plaintiff as well as life insurance coverage.   One Unum policy known as Policy No. 207217, contained both a long term disability benefit and a waiver of any premiums which may have been due on Plaintiff's life insurance coverage in the event Plaintiff was found to meet the definition of disability in Policy No. 207217, as is more specifically pled *infra.*

4.      In addition, through a Unum group life insurance policy known as Policy No. 207218, Plaintiff was afforded additional life insurance coverage and this policy also contained a waiver of life insurance premium feature.

5.      Unum group Policy No. 207217 and Policy No. 207218 are hereinafter at times collectively referred to as the "Policies."

6.      The Company's purpose in sponsoring, administering and purchasing Unum Policy No. 207217, was to provide disability and life insurance benefits for its employees. Upon information and belief, this Unum policy may have been included in and part of an employee benefit plan, specifically named the Summit Healthcare Association Disability

Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits.

7.    Upon information and belief, the Company's purpose in sponsoring, administering and purchasing Unum Policy No. 207218 was to provide life insurance benefits or other welfare benefits for its employees and this Unum policy may have been included in and part of the Summit Healthcare Association Life Insurance Plan (hereinafter also referred to as the "Plan").

8.    At all times relevant hereto, the Summit Healthcare Plans either individually or collectively, constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

9.    Upon information and belief, Unum functioned as the claims administrator of the policies; however, pursuant to the relevant ERISA regulation, the Company and/or the Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Unum.

10.    Upon information and belief, Plaintiff believes Unum operated under a conflict of interest in evaluating her claims due to the fact that it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit*, Unum's conflict existed in that if it found Plaintiff was disabled, it was then liable to her for payment of disability benefits and also to waive any premiums due on Plaintiff's life insurance coverage.

11.    The Company, Unum and the Plan conduct business within Navajo County and all events giving rise to this Complaint occurred within Navajo County.

*Venue*

12.     Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

13.     Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policies and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits, life insurance coverage and the waiver of any premiums due on the life insurance policies from Defendants pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other employee benefits she may be entitled to as a result of being found disabled.

14.     After working for the Company as a loyal employee, Plaintiff became disabled on or about November 13, 2012, due to serious medical conditions and was unable to work in her designated occupation as a Professional Services Director.  Plaintiff has remained disabled as that term is defined in the relevant policies continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

15.     Following her disability, Plaintiff applied for, received and exhausted her short term disability benefits which were paid by Unum after it determined she was disabled.

16.     Plaintiff then applied for long term disability benefits under the relevant policy which was administered by Unum, meaning it made the decision with regard to whether Plaintiff was disabled.  Upon information and belief, the relevant Unum policy and definition of disability governing Plaintiff's long term disability claim is as follows:

You are disabled when Unum determines that:

- You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- You have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

    After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

17.     Plaintiff also applied for a waiver of the premium on her life insurance policy, No. 207217, which was administered by Unum.  Upon information and belief, this Unum policy and definition of disability governing Plaintiff's waiver of life insurance premium claim is as follows:

- Unum does not require premium payments for an insured while he or she is receiving Long Term Disability payments under this plan.

18.     Plaintiff also applied for a waiver of the premium on her life insurance policy, No. 207218, which was administered by Unum.  Upon information and belief, this Unum policy and definition of disability governing Plaintiff's waiver of life insurance premium claim is as follows:

- Unum does not require premium payments for an insured employee's life coverage if he or she is under age 60 and disabled for 180 days.  Proof of disability, provided at the insured employee's expense, must be filed by the insured employee and approved by Unum.

19.     In support of her claim for long term disability benefits and waiver of life insurance premiums, Plaintiff submitted to Unum medical records and questionnaires from her treating physicians which supported the fact she was disabled as defined by the relevant Unum policies.

20.    As part of its review of Plaintiff's claim for long term disability benefits and waiver of the premium on her life insurance policies, Unum obtained two medical records only "paper reviews" of Plaintiff's claim from Maribelle R. Kim, D.O. and Scott B. Norris, M.D.

21.    Upon information and belief, Plaintiff believes Drs. Kim and Norris may be long time medical consultants for the disability insurance industry and Unum.  As a result, Plaintiff believes Drs. Kim and Norris may have an incentive to protect their own consulting relationships with the disability insurance industry and Unum by providing medical records only paper reviews, which selectively review or ignore evidence such as occurred in Plaintiff's claim, in order to provide opinions and report(s) favorable to Unum and which supported the denial of Plaintiff's claim(s).

22.    Unum informed Plaintiff in a letter dated June 20, 2013 it was denying her claim for long term disability benefits.

23.    Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the June 20, 2013 denial of her long term disability benefits and in support of her appeal, Plaintiff submitted additional medical evidence demonstrating she met any definition of disability set forth in the relevant Unum policies.

24.    In support of her appeal, Plaintiff submitted to Unum an August 2, 2013 narrative letter authored by her treating family physician who confirmed, *"I was one of 2 physicians who had recommended [Plaintiff] stopping work."*

25.    As part of its review of Plaintiff's claims, Unum obtained an addendum medical records only "paper review" of Plaintiff's claim from Scott B. Norris, M.D.

26.    In a letter dated October 18, 2013, Unum informed Plaintiff it was denying her claim for long term disability benefits and her claim for a waiver of the premium on her

life insurance policies.  In the letter, Unum also notified Plaintiff she had exhausted her administrative levels of review and could file a civil action lawsuit in federal court pursuant to ERISA.

27.   In evaluating Plaintiff's claim on appeal, Unum had an obligation pursuant to ERISA to administer it, "solely in her best interests and other participants" which it failed to do. [1]

28.   Unum failed to adequately investigate Plaintiff's claims and failed to engage her in a dialogue during the appeal of her claims with regard to what evidence was necessary so Plaintiff could perfect her appeal and claims.  Unum's failure to investigate the claims and to engage in this dialogue or to obtain the evidence it believed was important to perfect Plaintiff's claims is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

29.   Plaintiff believes Unum provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, by failing to credit Plaintiff's reliable evidence; failing to adequately investigate her claims; failing to have her examined by a medical professional when the policies allowed for an examination; providing one sided reviews of Plaintiff's claims that failed to consider all evidence submitted by her and/or de-emphasized medical evidence which supported Plaintiff's

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

claims; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the impact the combination of those diagnoses and impairments would have on her ability to work; failing to engage Plaintiff in a dialogue so she could submit the necessary evidence to perfect her claims and failing to consider the impact the side effects from Plaintiff's medications would have on her ability to engage in any occupation.

30.    Plaintiff further believes the reason Unum provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to the dual roles Unum undertook as decision maker and payor of benefits which created an inherent conflict of interest and this conflict created a financial incentive for Unum to deny her claims.

31.    Plaintiff believes Unum's conflict of interest is evident in the fact it approved her short term disability claim for the full time period of that claim, but when Unum was confronted with the potential of paying Plaintiff for many years with significantly larger financial exposure in her long term disability claim and the waiver of any life insurance premiums due, it denied them.  Unum denied the claims notwithstanding the fact Plaintiff's medical diagnoses and limitations had not changed and the short and long term disability policies contained essentially the same definition of disability for the first 24 months of benefits.  As referenced, due to its structural conflict of interest, when Unum denied Plaintiff's claims it saved a significant sum of money.

32.    Plaintiff is entitled to discovery regarding Unum's aforementioned conflicts of interest as well as well as any individual who reviewed her claims and the Court may properly weigh and consider evidence regarding the nature, extent and effect of any

conflict of interest in addition to any ERISA procedural violation which may have impacted or influenced Unum's decision to deny her claims.

33.   With regard to whether Plaintiff meets the definitions of disability set forth in the Unum policies, the Court should review the evidence in Plaintiff's claims *de novo*, because even if the Court concludes the policies confer discretion, the unlawful ERISA violations committed by Unum as referenced herein are so flagrant they justify *de novo* review.

34.   As a direct result of Unum's decision to deny Plaintiff's claims, she has been injured and suffered damages in the form of lost disability benefits and lost life insurance coverage and benefits, in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.  Plaintiff believes other potential employee benefits may include but not be limited to, health and other insurance related coverage or benefits, retirement benefits or a pension.

35.   Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

36.   Plaintiff is entitled to prejudgment interest pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.   For an Order requiring Defendants to pay Plaintiff her disability benefits and life insurance benefits which may be due, as well as any other employee benefits she may be entitled to as a result of being found disabled pursuant to the Unum policies from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

B.      For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time she meets the conditions for termination of benefits;

C.      For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.      For such other and further relief as the Court deems just and proper.

DATED this 20th day of October, 2014.

SCOTT E. DAVIS. P.C.

By:     */s/ Scott E. Davis*
        Scott E. Davis
        Attorney for Plaintiff